UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-14169-CIV-DAMIAN

**JERRY SNEED**,

    Plaintiff,

v.

**DEVANARD PERSAD**, *et al.*,

    Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 33]
AND GRANTING MOTION TO DISMISS [ECF NO. 23]**

**THIS CAUSE** came before the Court on Magistrate Judge Shaniek Mills Maynard's Report and Recommendation, entered on April 4, 2025 [ECF No. 33 (the "Report")], on Defendants, Devanard Persad's, Cory Gitlin's, Zach Ferrira's, Brandon Greis's, Tony Ardon's, and William D. Snyder's, Motion to Dismiss, filed on October 14, 2024 [ECF No. 23 (the "Motion")].

THE COURT has reviewed the Report, the Motion, and the pertinent portions of the record (including the parties' memoranda [ECF Nos. 25 and 26]), and is otherwise fully advised.

After carefully considering the briefing, Judge Maynard issued the Report, recommending that the Motion be granted. The Report summarizes the relevant background and procedural history, and therefore, the Court will not set out the background in detail here.

In short, the *pro se* incarcerated Plaintiff initiated this lawsuit against five deputies and one sheriff, alleging violations of his civil rights during his arrest on July 19, 2023. *See*

ECF No. 1 (the "Complaint"). The Defendants argue that the Complaint should be dismissed as a shotgun pleading, for failure to state a claim under Rule 12(b)(6), under the *Younger* abstention doctrine, and based on qualified immunity. *See generally* Mot.

Judge Maynard found that dismissal is appropriate because (i) Plaintiff's claims are barred by the *Younger* abstention doctrine, and (ii) the Complaint is an impermissible shotgun pleading. *See generally* Report. Neither party filed objections to the Report, and the time for doing so has expired. *See generally* Docket.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the thorough analysis and well-reasoned recommendations stated in Judge Maynard's Report and agrees with Judge Maynard's conclusions. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 33]** is **AFFIRMED AND ADOPTED** as follows:

This case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court shall **CLOSE** the case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 22nd day of April, 2025.

_____
MELISSA DAMIAN
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Shaniek Mills Maynard
      counsel of record